UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSAC M. CORONADO,<br><br>          Plaintiff,<br><br>    v.<br><br>NARINDER SAUKHLA,<br><br>          Defendant. | No. 2:21-cv-0215 WBS CKD P<br><br><br>ORDER |

      Plaintiff is a state prisoner proceeding pro se with a civil action. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

/////

1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

In his complaint, plaintiff alleges violations of the Eighth and Fourteenth Amendments. Having conducted the required screening, the court finds that plaintiff may proceed on his Eighth Amendment claim, but he has not adequately pled a Fourteenth Amendment claim.

At this point, plaintiff has two options: 1) proceed on his Eighth Amendment claim; or 2) attempt to cure the deficiencies in his Fourteenth Amendment claim in an amended complaint. In considering whether to amend, the court advises plaintiff as follows:

1. A claim must include more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

2. To plead an equal protection violation, plaintiff must allege he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997). In particular, plaintiff must point to facts indicating disparate treatment of similar medical conditions and that the disparate treatment is based upon race. A mere assertion that plaintiff is black and white inmates were treated better than he is not sufficient.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
/////

longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 7) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff is granted 21 days within which to complete and return the attached form notifying the court whether he wants to proceed on his Eighth Amendment claim, or whether he wishes to file an amended complaint in an attempt to cure the deficiencies in his Fourteenth Amendment claim. If plaintiff does not return the form, this action will proceed on the Eighth Amendment claim.

Dated: May 18, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
coro0215.op

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC M. CORONADO,<br><br>    Plaintiff,<br><br>    v.<br><br>PATRICK COVELLO, et al.,<br><br>    Defendants. | No. 2:21-cv-0215 CKD P<br><br>PLAINTIFF'S NOTICE OF<br><br>HOW TO PROCEED |

Check **one**:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment claim; or

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.

DATED:

_____

Plaintiff