UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSAC M. CORONADO,<br><br>    Plaintiff,<br><br>    v.<br><br>NARINDER SAUKHLA,<br><br>    Defendant. | No.  2:21-cv-0215 WBS CKD P<br><br><br>ORDER |

Plaintiff is a California prisoner proceeding pro se against defendant with a claim arising under the Eighth Amendment.  Two matters are before the court.

1. Plaintiff's Motion for Leave to Amend

On May 18, 2021, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A.  The court found that plaintiff could proceed immediately on a claim arising under the Eighth Amendment or file an amended complaint in an attempt to cure some deficiencies in the original complaint.  Plaintiff elected to proceed on the Eighth Amendment claim.  As a result, all other claims were dismissed by the district court judge assigned to this case.

Despite the foregoing and without explanation, plaintiff filed an amended complaint on July 21, 2021.  Shortly thereafter this matter was stayed so that the parties could engage in settlement talks which were ultimately not successful.  On April 1, 2022, the court lifted the stay

and ordered the amended complaint stricken as plaintiff failed to provide any cause as to why leave to amend should be granted.[1] Defendant filed his answer on April 14, 2022, and then, as a result, the court issued a scheduling and discovery order.

On July 28, 2022, plaintiff filed a motion for leave to amend asking that the court permit plaintiff leave to proceed on the amended complaint the court ordered stricken on April 1. In the motion, plaintiff indicates there are some new and changed allegations in the amended complaint. Plaintiff does not explain why he did not choose to accept leave to amend when the court indicated to plaintiff such leave would be granted in the court's May 18, 2021 order, nor does plaintiff explain the delay in his assertion of new and changed allegations. Finally, plaintiff does not explain how the proposed changes are material to plaintiff's remaining claim. While plaintiff does assert that he has suffered continuing damage as a result of the actions of defendant, plaintiff does not explain why that alone is good cause for leave to amend. If this matter proceeds to trial, plaintiff would be permitted to present evidence as to any further damage suffered by plaintiff as a result of the actions of defendant upon which this matter proceeds as long as there is at least a genuine issue of material fact as to whether the damage is attributable to those actions.

Under Rule 15(a), the court grants leave to amend before trial "when justice so requires." Plaintiff has not established that is the case here or otherwise established good cause for granting leave to amend. Therefore, his motion for leave to amend will be denied.

2. Defendant's Motion to Compel

Defendant asks that the court order plaintiff to respond to defendant's first set of interrogatories and request for production of documents. In his opposition, plaintiff admits he ignored the requests for various reasons. This is not proper. Plaintiff was free to seek an extension of time to respond to the requests and did not do so. Further, he fails to point to any reason why he should not be ordered to respond to the requests now. Accordingly, defendant's motion to compel will be granted.

---

[1] At that point, plaintiff was not entitled to leave as a matter of course under any provision of Rule 15 of the Federal Rules of Civil Procedure.

2

The court notes that in plaintiff's opposition to the motion to compel, plaintiff indicates that defendant has not responded to plaintiff's discovery requests.  Defendant indicates that he was never properly served with any discovery requests. Further, although on August 9, 2022, plaintiff filed what appears to be a copy of a request for discovery directed to defendant, such a request was not timely: under the terms of the court's April 18, 2022 scheduling order, requests for discovery were to be served no later than 60 days prior to the August 19, 2022 discovery cut off. [2]  ECF No. 33 at ¶ 6. Finally, plaintiff failed to file a motion to compel prior to the August 19, 2022, deadline.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend (ECF No. 45) is denied; and

2. Defendant's motion to compel (ECF No. 56) is granted.  Plaintiff shall file a response to defendant's first set of interrogatories and request for production of documents within 30 days.  Failure to do so will result in sanctions which could include dismissal of this action.  Any motion to compel as to those discovery requests must be filed by defendant no later than 45 days from this order.

Dated:  September 21, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

[1] coro0215.mta

---

[2] Documents submitted by prisoners in a 42 U.S.C. § 1983 action such as this are deemed filed when the prisoner gives the document to a prison official for mailing.  Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).

3