1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ISSAC N. CORONADO,                          No.  2:21-cv-0215 WBS CKD P

12            Plaintiff,

13        v.                                     FINDINGS AND RECOMMENDATIONS

14   NARINDER SAUKHLA,

15            Defendant.

16

17       Plaintiff is a California prisoner proceeding pro se with a civil action.  Defendant is a

18   physician employed by the California Department of Corrections and Rehabilitation at the

19   California Medical Facility.

20       On January 30, 2023, plaintiff was ordered to show cause within 21 days why this action

21   should not be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for plaintiff's

22   failure to follow court orders by (1) refusing to cease filing frivolous motions and requests and (2)

23   refusing to adhere to the court's September 21, 2022 order that he serve responses to defendant's

24   first request for production of documents and first set of interrogatories. ECF No. 104.

25       A review of the court's record reveals that prior the to the issuance of the court's order to

26   show cause, plaintiff had filed 28 requests, motions, notices, etc.,[1] which had no basis in law,

27

28   _____

[1] ECF Nos. 17, 34, 35, 39, 47, 48, 51, 54, 55, 57, 61, 64, 66, 68, 72, 76, 77, 79, 82, 83, 88, 89, 91, 92, 96, 97, 99 & 100.

1

1   were an attempt relitigate issues which had already been decided or were otherwise frivolous.  On

2   November 30, 2022, the court issued a first warning to plaintiff that sanctions would issue if

3   plaintiff did not cease in filing frivolous motions, and that dismissal was a possible sanction. ECF

4   No. 84.  A second such warning was issued on January 6, 2023, after plaintiff had submitted 6

5   more frivolous motions, requests, or notices after the date of the first warning. ECF No. 98.

6        Before responding to the order to show cause, plaintiff filed yet another frivolous request.

7   ECF No. 106.  This time plaintiff asked that the Clerk of the Court provide plaintiff with

8   transcripts and other parts of the record relevant to a frivolous interlocutory appeal which had

9   already been dismissed by the Ninth Circuit for lack of jurisdiction.  ECF No. 102.  Further, as

10  noted in the Clerk's response, there have not been any hearings in this case so there are no

11  transcripts of hearings.

12       Further, and again before filing a response to the order to show cause, plaintiff filed a

13  reply brief on February 21, 2023, with respect to a motion which was denied as frivolous on

14  January 30, 2023, in the order to show cause. ECF No. 109.

15       Plaintiff filed his response to the order to show cause on February 27, 2023. ECF No. 111.

16  Essentially, plaintiff asserts that he refuses to cooperate in discovery because of his dissatisfaction

17  with the court's denial of his motion for leave to amend his complaint and other reasons which

18  are meritless.[2] Further, plaintiff does not indicate a willingness to cooperate in discovery at

19  present.  As for the filing of frivolous motions, plaintiff asserts that he does not file frivolous

20  motions; an assertion which is categorically belied by the record.  The court understands that the

21  plaintiff is proceeding pro se and has mental health issues, but those conditions do not excuse the

22  barrage of motions, requests, and notices that plaintiff refuses to stop filing and which have no

23  valid basis in law.

24       Indeed, after filing his response to the order to show cause, plaintiff filed two requests for

25  a "final and appealable order." ECF No. 113 and 115.  Both requests are frivolous and will be

26  denied. Plaintiff also filed a request for "ADA Assistance," apparently asking for names and

27

28  [2] Plaintiff does explain that he has mental health issues, and while the court is sympathetic to
    those issues, it does not excuse plaintiff's refusal to abide by the court's orders.

2

1  contact numbers for a judge and clerk in the Eastern District of California who could answer

2  questions he has. ECF 114.  This request is not appropriate and will be denied.

3        Before dismissing an action for failure to follow court orders the court must consider the

4  five factors identified by the Ninth Circuit in Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th

5  Cir. 1992): (1) the public's interest in expeditious resolution of litigation; (2) the court's need to

6  manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring

7  disposition of cases on their merits; and (5) the availability of less drastic alternatives.

8        The only factor weighing against dismissal is the fourth factor.  However, this case is

9  already two years old and discovery has been stymied because of plaintiff's willful failure to

10  participate in the process.  This court's already-stretched judicial resources have been unduly

11  taxed plaintiff's numerous frivolous filing.  It is not clear whether defendant's case has been

12  permanently prejudiced by plaintiff's actions, but  (1) defendant does have a right to obtain

13  discovery from plaintiff and plaintiff has refused to provide it, and (2) defendant has had to waste

14  resources to respond to, or at least consider, plaintiff's frivolous and at times vexatious filings.

15  Plaintiff's refusal to participate in discovery and willful failure to stop the bombardment of

16  frivolous filings offers no alternative other than dismissal of this action.

17        Accordingly, IT IS HEREBY ORDERED that:

18        1.  Plaintiff's April 14, 2023 (ECF No. 114) request for ADA Assistance is denied.

19        2.  Plaintiff's April 5, 2023 (ECF No. 113) and June 26, 2023 (ECF No. 115) requests for

20  a "final appealable order" are denied.

21        IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice under

22  Rule 41(b) of the Federal Rules of Civil Procedure for plaintiff's willful failure to follow the

23  orders of this court.

24        These findings and recommendations are submitted to the United States District Judge

25  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

26  after being served with these findings and recommendations, any party may file written

27  objections with the court and serve a copy on all parties.  Such a document should be captioned

28  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

1    objections shall be served and filed within fourteen days after service of the objections.  The

2    parties are advised that failure to file objections within the specified time may waive the right to

3    appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4    Dated:  July 3, 2023

5                                                                    _____
     CAROLYN K. DELANEY
6                                                                    UNITED STATES MAGISTRATE JUDGE

7

8

9    1
     coro0215.frs
10